UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| EVANSTON INSURANCE COMPANY, as successor by merger with ESSEX INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>THE VAPOR LOUNGE, LLC , MICHAEL J. BRADLEY and YVADNE BRADLEY,<br><br>Defendants. | Case No.:  22-cv-7832<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff Evanston Insurance Company, as successor by merger with Essex Insurance Company ("Evanston"), by and through its counsel, Hinshaw & Culbertson LLP, brings this Complaint for Declaratory Judgment against Defendants and alleges as follows:

1. Evanston brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201, *et seq.*, to obtain a declaration regarding its obligation to defend and indemnify Defendant The Vapor Lounge, LLC ("Vapor Lounge") in connection with claims asserted in the a personal injury lawsuit, captioned as <u>Michael J. Bradley and Yvadne Bradley v. The Vapor Lounge, LLC and "XYZ Corp."</u>, which is pending in the Supreme Court of New York, Orange County, Index. No. EF011800-2018 (the "Underlying Action"). A copy of the Complaint filed by the Bradleys in the Underlying Action is attached hereto as **Exhibit A**.

**PARTIES, JURISDICTION, AND VENUE**

2. Evanston is an Illinois corporation, with its principal place of business in Illinois.

3. Evanston is domiciled in and a citizen of Illinois.

4. Vapor Lounge is a limited liability company created and existing under the laws of the State of New York.

5. Upon information and belief, the members of Vapor Lounge are Ryan Hallisey and Zachary McDermott.

6. Upon information and belief, Ryan Hallisey is a natural person who is domiciled in and a citizen of the State of New York.

7. Mr. Hallisey has a New York driver's license.

8. Mr. Hallisey is registered to vote in New York.

9. Upon information and belief, Zachary McDermott is a natural person who is domiciled in and a citizen of the State of New York.

10. Upon information and belief, Mr. McDermott resides in Warwick, New York.

11. Upon information and belief, Michael Bradley is a natural person who is domiciled in and a citizen of the State of New York.

12. Michael Bradley lives at 1 Iron Forge Road, Warwick, New York.

13. As the plaintiff in the Underlying Action, Michael Bradley is a potentially interested party that may be affected by the declarations sought by the within action. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

14. As a plaintiff in the Underlying Action, Michael Bradley likely has an interest in the outcome of this matter and, therefore, should be bound by any rulings entered in this matter to avoid duplicative litigations, or otherwise inconsistent rulings.

15. Upon information and belief, Yvadne Bradley is a natural person who is domiciled in, and a citizen of, the State of New York.

16. Yvadne Bradley lives at 1 Iron Road, Warwick, New York.

17. As the plaintiff in the Underlying Action, Yvadne Bradley is a potentially interested party that may be affected by the declarations sought by the within action. *See* Fed. R. Civ. P. 19(a)(1)(B)(ii).

18. As a plaintiff in the Underlying Action, Yvadne Bradley likely has an interest in the outcome of this matter and, therefore, should be bound by any rulings entered in this matter to avoid duplicative litigations, or otherwise inconsistent rulings.

19. There exists an actual and justiciable controversy between and among the parties concerning their respective rights and obligations under a certain policy of insurance with respect to the Underlying Action, pursuant to 28 U.S.C. § 2201.

20. The Underlying Action seeks recovery of damages for significant and serious personal injuries to Michael Bradley. Exhibit C, Post Inquest Decision and Order, entering judgment against Vapor Lounge in excess of $3,000,000. *See* **Exhibit B**, Post Inquest Decision and Order.

21. This Court possesses jurisdiction over this action under 28 U.S.C. § 1332 because Plaintiff and the Defendants are citizens of different states as Plaintiff is a citizen of Illinois, and no defendant, including its members, is a citizen of Illinois and the amount in controversy exceeds the sum or value of $75,000, exclusive of fees and costs, in connection with defense and indemnification of the Underlying Action.

22. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events giving rise to Evanston's claim occurred in this judicial district within the State of New York, and one or more parties reside, maintain registered offices and/or conduct business in this district.

**FACTUAL BACKGROUND**

A.  **The Underlying Action**

23. In the Underlying Action, Michael Bradley alleges that he purchased an e-cigarette/vape lithium ion battery (the "Product") from Vapor Lounge. Exhibit A at ¶¶8, 13-15, 21.

24. Michael Bradley also alleges in the Underlying Action that he sustained personal injuries when the Product exploded. Exhibit A at ¶¶16, 22, 28, 35-36.

25. Michael Bradley asserts that he sustained his alleged personal injuries at work.

26. Michael Bradley asserts that he sustained his alleged personal injuries while at work on Farragut Road, in Westchester County, New York (the "Premises").

27. In the Underlying Action, Yvadne Bradley alleges that she sustained the loss of society/loss of consortium with Michael Bradley due to his personal injuries as a result of the explosion of the Product. Exhibit A at ¶¶52-54.

28. Vapor Lounge stipulated to a default judgment being entered against it as to liability in the Underlying Action.

29. The court entered a default judgment as to liability against Vapor Lounge in the Underlying Action.

30. On August 23, 2022, the Court entered a Post Inquest Decision and Order, ordering $2,590,000 for past and future pain and suffering damages to Michael J. Bradley. *See* Exhibit B.

31. On August 23, 2022, the Court entered a Post Inquest Decision and Order, ordering $575,000 for past and future pain and suffering damages to Yvadne Bradley for her past and future loss of society and consortium claims. *See* Exhibit B.

**B.** **The Evanston Policy**

32. Evanston Insurance Company issued a general liability policy of insurance to Vapor Lounge, in effect from May 7, 2015 to May 7, 2016, bearing Policy Number 2CT1387 (the "Evanston Policy").

33. Subject to all terms, exclusions, conditions and definitions, the Evanston Policy affords coverage under Coverage Part A to an "insured" for "bodily injury" during the policy period caused by an "occurrence".

34. The Evanston Policy contains an **EXCLUSION – PRODUCTS-COMPLETED OPERATIONS HAZARD** (the "Products-Completed Operations Exclusion"), added by endorsement, which provides as follows:

> This insurance does not apply to "bodily injury" or "property damage" included within the "products completed operations hazard".

35. The Evanston Policy defines "products completed operations hazard" as, in pertinent part, "all 'bodily injury' and 'property damage' occurring away from premises you own or rent and arising out of 'your product' or 'your work'".

36. The Evanston Policy defines "your product" as follows:

"Your Product":

**a.** Means

  **(1)** Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

  **(a)** You

  **(b)** Others trading under year name; or

  **(c)** A person or organization whose business or assets you have acquired; and

  **(2)** Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.

**b.** Includes

5

        **(1)**    Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product" and

        **(2)**    The providing or failure to provide warnings or instructions.

    **c.**    Does not include vending machines or other property rented to or located for the use of others but not sold.

37. The Evanston Policy provides that the words "you" and "your" mean "the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy."

38. Vapor Lounge is the Named Insured designated in the Declarations to Evanston Policy.

**C.**    <u>**Evanston's Coverage Position**</u>

39. On March 7, 2016, Evanston issued a disclaimer of coverage letter to Vapor Lounge as to the Michael Bradley's alleged injuries because the Products-Completed Operations Exclusion precludes coverage for bodily injury occurring away from premises you own or rent and arising out of any good or product, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

40. Counsel for Michael Bradley and Yvadne Bradley received a copy of Evanston's March 7, 2016 disclaimer of coverage letter to Vapor Lounge.

41. On December 26, 2018, Evanston issued a second disclaimer of coverage letter to Vapor Lounge. This letter addressed the recently filed complaint in the Underlying Action because the Products-Completed Operations Exclusion precludes coverage for bodily injury occurring away from premises you own or rent and arising out of any good or product, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

42. Counsel for Michael Bradley and Yvadne Bradley received a copy of Evanston's December 26, 2018 disclaimer of coverage letter to Vapor Lounge.

43. On November 25, 2019, Evanston reiterated its disclaimer of coverage to Vapor Lounge. This letter addressed the Bradleys' counsel's request that Evanston reconsider its coverage position in light of the Bradleys' deposition testimony. Evanston reiterated its disclaimer because the Products-Completed Operations Exclusion precludes coverage for bodily injury occurring away from premises you own or rent and arising out of any good or product, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

## COUNT ONE

### REQUEST FOR DECLARATORY JUDGMENT THAT THE PRODUCTS-COMPLETED OPERATIONS EXCLUSION PRECLUDES COVERAGE TO VAPOR LOUNGE FOR THE UNDERLYING ACTION

44. Evanston repeats and re-alleges each of the preceding paragraphs as if set forth at length herein.

45. Michael Bradley's alleged personal injuries occurred at the Premises.

46. Yvadne Bradley's alleged personal injuries occurred at the Premises and/or at other locations that are not owned by or rented to Vapor Lounge.

47. Vapor Lounge does not own the Premises.

48. Vapor Lounge does not rent the Premises.

49. Michael Bradley's alleged personal injuries arise out of the Product.

50. Yvadne Bradley's alleged injuries arise out of the Product.

51. The Product was sold by Vapor Lounge.

52. The Product was handled by Vapor Lounge.

53. The Product was distributed and/or disposed of by Vapor Lounge.

54. The Products-Completed Operations Exclusion contained in the Evanston Policy precludes coverage for "bodily injury" occurring away from premises Vapor Lounge owns or rents and arising out of any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

55. The Products-Completed Operations Exclusion precludes coverage for the Underlying Action because Michael Bradley's alleged injuries occurred away from premises owned by or rented to Vapor Lounge and arise out of a good or product, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

56. The Products-Completed Operations Exclusion precludes coverage for the Underlying Action because Yvadne Bradley's alleged injuries occurred away from premises owned by or rented to Vapor Lounge and arise out of a good or product, other than real property, manufactured, sold, handled, distributed or disposed of by Vapor Lounge.

57. Evanston is entitled to a declaration that coverage is fully precluded for Vapor Lounge based on the Products-Completed Operations Exclusion.

58. As such, Evanston is entitled to a declaration that it has no obligation to defend Vapor Lounge in connection with the Underlying Action based on the Products-Completed Operations Exclusion.

59. Evanston is entitled to a declaration that it has no obligation to indemnify Vapor Lounge in connection with the Underlying Action for Michael Bradley's injuries.

60. Evanston is entitled to a declaration that it has no obligation to indemnify Vapor Lounge in connection with the Underlying Action for Yvadne Bradley's injuries.

61. There is a real, substantial, and justiciable issue in controversy between the parties hereto with respect to the availability of coverage under the Evanston Policy for the claims asserted in the Underlying Action.

62. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Evanston has no other adequate remedy at law which will resolve the current controversy.

**WHEREFORE**, Plaintiff Evanston Insurance Company, as successor with Essex Insurance Company, respectfully requests a declaration that:

A. The Products-Completed Operations Exclusion fully precludes coverage for the Underlying Action, and Michael Bradley's and Yvadne Bradley's injuries;

B. Evanston has no obligation to defend Vapor Lounge in the Underlying Action;

C. Evanston has no obligation to indemnify Vapor Lounge in connection with the Underlying Action;

D. Evanston has no obligation to defend or indemnify Vapor Lounge in connection with the Underlying Action; and

E. For such other relief as is just and equitable herein.

[Continued on the Next Page]

**JURY DEMAND**

Plaintiff demands a jury trial on all such triable issues.

Dated: September 13, 2022

                                                 By: /s/ Matthew C. Ferlazzo
                                                      Matthew C. Ferlazzo

April T. Villaverde, Esq.
HINSHAW & CULBERTSON LLP
343 Thornall Street, Suite 640
Edison, NJ 08837
avillaverde@hinshawlaw.com
O: (908) 374-0322
F: (908) 374-0345

- and -

Matthew C. Ferlazzo, Esq.
HINSHAW & CULBERTSON LLP
800 Third Avenue, 13th Floor
New York, NY 10022
mferlazzo@hinshawlaw.com
O: (212) 471-6227
F: (212) 935-1166

*Attorneys for Plaintiff*
*Evanston Insurance Company,*
*as successor by merger with*
*Essex Insurance Company*